IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TERRENCE WASHINGTON, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 16-92-CG-C |
| SPENCER WALKER, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff Terrence Washington, who is proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983.  This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).  After careful review, it is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

**I.  Nature of Proceedings.**

At the time of the complaint's filing, Washington was serving the three-year supervised release portion of his federal sentence for his June 26, 2009 conviction for being a prohibited person in possession of a firearm.  *USA v. Washington*, CR No. 08-00286-CG-C (S.D. Ala. June 18, 2014); *see* Docs. 45, 145 at 3.[1]  Prior to serving his federal sentence, he completed serving his state sentence after his parole was revoked.  (Doc. 1 at 34).  The federal and state charges against him arose from the same acts.  (*Id.*).  This background information provides the context for his complaint and the Report and

---

[1] The Court takes judicial notice of its records.  *Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009).

Recommendation.

In the complaint Washington names as defendants, Spencer Walker, District Attorney of Clarke County, Alabama; William McCorquodale, Assistant District Attorney of Clarke County; and Gaines McCorquodale, Clarke County Circuit Court Judge.  (Doc. 1 at 1, 4).  He is suing them for $1,102.00 that was confiscated from him plus 8% interest, $100,000.00 in damages, and court costs.  (Doc. 1 at 12, Doc. 1-1 at 7-8).  Included with the complaint is the case action summary sheet in CV-2008-17 from the Circuit Court of Clarke County, Alabama, and documents from that case supporting his allegations.   (Doc. 1 at 14-37).

Plaintiff's complaint (Doc. 1), sworn affidavit of truth (Doc. 1-1), attachments to the complaint, and  the Court's telephone conference with Washington on April 14, 2016 (Doc. 11) provides the following information.  On February 8, 2008, defendant Walker filed a civil summons to confiscate Washington's property ($1,102.00), which had been seized when Washington was arrested.  (Doc. 1-1 at 2; Doc. 1 at 18 (Case Action Summary) ("CAS"); *Id.* at 14, 15, 17 (indicating the money was seized on January 18, 2008 and believed to be used to "facilitate the transportation, sale, receipt, possession and concealment" of powder or crack cocaine).[2]  Washington filed an answer to the civil summons on March 3, 2008.  (Doc. 1 at 18, Doc. 1-1 at 2).

The Alabama Department of Forensic Sciences' reports showed no analysis was performed on February 6, 2008, as was requested, and the analysis performed on May

---

[2] During the April 14, 2016 telephone conference, Washington informed the Court that about six charges were filed against him, three of which he identified, possession of marijuana, possession of a controlled substance, and receiving stolen property.  (Doc. 11).  He maintained that no drugs were found, the $1,102.00 was taken from his person, and the gun was found at a separate location and supported the receiving stolen property charge.  Because of these charges, his parole was revoked.

29, 2008, showed no controlled substances.[3]  (Doc. 1 at 20, 21; Doc. 1-1 at 3).

Nonetheless, his money was not returned to him.  (Doc. 1-1 at 3).  Washington filed a

motion for summary judgment, which defendant Gaines McCorquodale refused to

grant and to enter an order of final judgment.  (Doc. 1-1 at 4).  On August 19, 2008,

Washington filed a notice of appeal.  (Doc. 1 at 18, 22; Doc. 1-1 at 4).

Defendants did not give Washington the notice of or a copy of the default

judgment application filed on December 6, 2010, which is shown on the CAS as having

disposed of the case.  (Doc. 1-1 at 3, Doc. 1 at 5-6, 18, 35).  Shortly thereafter, defendant

Gaines McCorquodale failed to grant Washington's motion for summary judgment filed

on December 9, 2010 and to enter an order of final judgment so he could proceed to the

Alabama Court of Civil Appeals.  (Doc. 1-1 at 4; Doc. 1 at 19, 27-33).  Washington

contends that it was an error not to rule because defendant Walker failed to oppose the

motion as required by the Alabama Rules of Civil Procedure.  (Doc. 1-1 at 5; Doc. 1 at 7).

Furthermore, he contends it was meritorious in light of § 20-2-93(A)(5) and (4)(b) of the

Alabama Code of 1975. (*Id.*).

In his motion to set aside default judgment, Washington argued that § 20-2-

93(d)(1)[4] of the Alabama Code provides that no money shall be forfeited unless there

---

[3] The Certificate of Analysis found: "Visual examination revealed the tablets to be
consistent with a product containing sulfamethoxazole [a non-controlled substance] and
trimethoprim [a non-controlled substance].  No analyses were performed."  (Doc. 1 at
21).  The "[s]ulfamethoxazole and trimethoprim combination is an antibiotic. It works
by eliminating the bacteria that cause many kinds of infections. . . . This medicine is
available only with your doctor's prescription."  Mayo Clinic,
www.mayoclinic.org/drugs (lasted visited Oct. 4, 2016).  Its common brand names are:
Bactrim, Septra, and Sulfatrim.  (*Id.*).

[4] Section 20-2-93 of the Alabama Code governs forfeitures and seizures.

3

has been a finding that money was used or intended for use in a transaction that would violate the Alabama Controlled Substances Act.  (Doc. 1 at 24).  Defendant Gaines McCorquodale failed to rule on his motion to set aside default judgment filed on December 19, 2010, which he contends has merit according to Rule 55(b)(2) and (e) of the Alabama Rules of Civil Procedure.  (Doc. 1-1 at 4).  And Washington maintains that defendant Gaines McCorquodale has been biased in his rulings.  (Doc. 1 at 8).

On October 5, 2011, defendant Walker's motion to nol pros cases No. CC-08-278 and 279 and CC-08-424 through 427 CRM, which are the charges that were used to confiscate his property, was granted by Judge C. Robert Montgomery on October 6, 2011.  (Doc. 1-1 at 8; Doc. 1 at 34[5]).  The nol pros of these cases occurred three years and several months after the lab reports results were returned by the Alabama Department of Forensic Sciences on February 6, 2008 and May 29, 2008.  (Doc. 1-1 at 8; Doc. 1 at 34).

Washington contends that he is being deprived of his right to a speedy, public trial in Civil Summons, Case No. C-2008-17, which is eight years old.  (Doc. 1-1 at 6).  His motion to testify by deposition and his first interrogatories to defendant Walker, both dated November 11, 2013, have not been filed and have not been answered by defendants.   (*Id.*).  Thus, he claims that "collusion " exists between defendants to deprive him of $1,102.00 in violation of his due process and equal protection rights.   (*Id.* at 7).

Washington informed the Court that case CV-2008-17 is still active in the Clarke

---

[5]  In the motion to nol pros, defendant Walker stated: Washington was serving a 19-year state sentence after which he will serve a 15-year federal sentence, which is based on the same acts in the cases at bar, and therefore it would be a waste of resources and would be in the interest of judicial economy to nol pros the charges.  (Doc. 1 at 34).

County Circuit Court.  (Doc. 1-1 at 7; Doc. 11 (telephonic conference on April 14, 2016).[6]

## II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because plaintiff is proceeding *in forma pauperis*, the Court is reviewing his complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B).  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[7]  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist.  *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  *Bell Atlantic Corp. v.*

---

[6] In the telephone conference, Washington indicated that because he filed his federal action, his state-court action became active and James Byrd was representing him. (Doc. 11).  Afterwards in filings, he advised the Court that defendant Gaines McCorquodale did not return the money to him because defendant William McCoquodale said that it should not be returned due to Washington having filed a lawsuit against them for the money.  (Doc. 12 at 1; Doc. 13 at 2).  Byrd told him that the judge said that he has to find a loophole in Rule 60(b) in order to return the money. (Doc. 13 at 2).  Washington complains that it is the same civil rules of procedure that were violated when he did not receive notice of the default judgment.  (*Id.*). Nonetheless, a final judgment still has not been entered.  (*Id.*).  He told defendant Gaines McCorquodale that the federal weapon charges were separate from the state's charges.  (*Id.*). Further, he advises that two McCorquodales are related.  (*Id.*). Subsequent to informing the Court of the above information, Washington advises that his motion for reconsideration was denied, no final judgment was entered, and James Byrd withdrew from representation of him.  (Doc. 16 at 1; Doc. 17).

[7] *Neitzke*'s interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding statute, 28 U.S.C. § 1915(e)(2)(B).  *Bilal v. Driver*, 251 F.3d 1346,1348-49 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001).

*Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w]' that the pleader is entitled to relief.'"  *Twombly*, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original).  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949.  Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted.  *Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910, 920-21, 166 L.Ed.2d 798 (2007).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  The court, however, does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action."  *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010) (relying on *Iqbal*, 556 U.S. 662, 129 S.Ct. 1937).  Furthermore, the court treats factual allegations as true, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements.  *Iqbal*, 566 U.S. at 681, 129 S.Ct. at 1951.  In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure."  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert.*

*denied*, 493 U.S. 863 (1989).

### III. Discussion.

#### A. Causal Connection.

In pleading this action, Washington used the term "the defendants," in addition to specifying what a certain defendant did or did not do.  Section 1983 requires that a plaintiff establish a causal connection between a defendant's actions, orders, customs, or policies and a deprivation of his constitutional rights in order to state a claim upon which relief may be granted.  *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir.), *cert. denied*, 464 U.S. 932 (1983).  The use of the collective group terminology "the defendants" does not provide the causal connection required by § 1983, which imposes liability against a "person," not a group of defendants.  42 U.S.C. § 1983.   In its review of the allegations, the Court will address those allegations that are connected to a particular defendant.

#### B.  Claim of Conspiracy.

Washington's allegations also include a singular reference to "collusion."  (Doc. 1-1 at 6).   He states: "[T]he affiant has shown to this Honorable [Court] collusion between the defendants to deprive the affiant of his lawful property ($1,102.00) in US currency without due process and equal protection of the laws and denying the affiant access to the courts over an eight (8) year span."  (*Id.*).  The Court is treating this allegation of collusion as one for conspiracy and finds that it is vague and conclusory. *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984) (holding a vague and conclusory conspiracy allegation is subject to dismissal).  Furthermore, Washington alleged no specific facts to show an agreement was made to violate his constitutional rights.  *Rowe v. Ft. Lauderdale*, 279 F.3d 1271, 1284 (11th Cir. 2002).  Instead, it appears

that he rests his theory of collusion on his allegations reflecting the litigation history of the confiscated $1,102.00.  More is required to establish a conspiracy.  *Bailey v. Board of Cty. Comm'r of Alachua Cty., Fla.*, 956 F.2d 1112, 1122 (11th Cir.) (holding to state a § 1983 conspiracy claim, a plaintiff "must show that the parties reached an understanding to deny plaintiff his or her rights [and] prove an actionable wrong to support the conspiracy"), *cert. denied*, 506 U.S. 832 (1992).  The mere stringing together of events in the litigation process without a showing of contacts demonstrating that an understanding was reached is not sufficient to establish a conspiracy.  *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992).  Accordingly, plaintiff has failed to state a plausible conspiracy claim, and as pled, his conspiracy claim is frivolous.  *Cf. Dennis v. Sparks*, 449 U.S. 24, 27, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980) (holding that a judge was entitled to absolute judicial immunity even if he had collaborated with the opposing side to violate the plaintiff's civil rights); *Elder v. Athens-Clarke Cty., Ga.*, 54 F.3d 694, 695 (11th Cir. 1995) (holding prosecutors, like judges, are not stripped of absolute immunity by an allegation of conspiracy).

### C. Enforce-the-Law Injunction.

Contained in Washington's complaint, but not in the *ad damnum* clause, is a request for an injunction for protection because he "fears for his life and liberty due [to] being retaliated against by the defendants for taking legal action against them."  (Doc. 1 at 7; *see* Doc. 1-1 at 5).  Initially, the Court observes that this request is not specific and is overly broad.  "An injunction must be framed so that those enjoined know exactly what conduct the court has prohibited and what steps they must take to conform their conduct to the law."  *SEC v. Smyth*, 420 F.3d 1225, 1232 n.14 (11th Cir. 2005).  Here, Washington appears to want an injunction to make the defendants act as law-abiding

8

citizens.  More to the point, such a request is an "obey the law" injunction, which is unenforceable.  *Id.* (citing *Burton v. City of Belle Glade,* 178 F.3d 1175, 1200 (11th Cir. 1999), which held that an injunction that prohibited a municipality from discriminating on the basis of race essentially required the city to "obey the law" and therefore was invalid).  Thus, this vague request for injunctive relief is frivolous.

Moreover, this injunctive relief request is deficient because Washington did not "show[] a real and immediate threat of future harm."  *Elend v. Basham,* 471 F.3d 1199, 1207 (11th Cir. 2006).  To gain prospective injunctive relief, the injury must be imminent.  *Id.*  But the allegations do not describe any ongoing or future conduct, just past conduct.  Thus, there is no showing that he would suffer irreparable harm if injunctive relief were not granted.  Therefore, for this additional reason, Washington is not entitled to have injunctive relief issue.  *Los Angeles v. Lyons,* 461 U.S. 95, 111, 103 S.Ct. 1660, 1670, 75 L.Ed.2d 675 (1983) ("The equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again—a '"likelihood of substantial and immediate irreparable injury."'" (quotation omitted)); *cf. Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 109, 118 S.Ct. 1003, 1019, 140 L.Ed.2d 210 (1998) ("Nothing supports the requested injunctive relief except respondent's generalized interest in deterrence, which is insufficient for purposes of Article III.").  For this additional reason, Washington's request for injunctive relief is frivolous.

### D.  Immunity for Defendant Judge Gaines McCorquodale.

Plaintiff names Judge Gaines McCorquodale, a state circuit court judge, as a defendant.  In a "1983 action, a judge is entitled to absolute judicial immunity from damages for those acts taken while he was acting in his judicial capacity unless he acted

in the 'clear absence of all jurisdiction.'"  *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 1104-05, 55 L.Ed.2d 331 (1978) (quotation omitted); *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996) (same).  A judge is entitled to this immunity even though his acts were in error, were malicious, or were in excess of his jurisdiction. *Stump*, 435 U.S. at 356, 98 S.Ct. at 1104.

Defendant Gaines McCorquodale is alleged to have failed to grant Washington's motions for summary judgment, to enter a final order on the motions, to rule on his meritorious motion to set aside default judgment, and to be unbiased.  It is clear from these allegations (and the other allegations in the complaint) that Washington's contact with defendant Gaines McCorquodale was in his judicial capacity, (which Washington concurred with in the telephone conference).  (Doc. 11).  Thus, the first prong of the *Stump* immunity test requiring a judge to have acted in his or her judicial capacity is met.

The next prong of the *Stump* test is whether defendant Gaines McCorquodale acted in the "clear absence of all jurisdiction."  *Simmons*, 86 F.3d at 1085.  In a civil forfeiture action in Alabama, the circuit court has jurisdiction.  *Garrett v. State,* 739 So.2d 49, 51-52 (Ala. Civ. App. 1999); ALA. CODE § 20-2-92(a) (1971) ("The circuit courts of this state have jurisdiction to restrain or enjoin violations of this chapter [Controlled Substances Act]"); *see Money v. State*, 717 So.2d 38, 48 (Ala. Crim. App. 1997) (holding that the forfeiture of the defendant's property in the circuit court could not be addressed by the criminal trial court and the Alabama Court of Criminal Appeals).  It is readily apparent that defendant Gaines McCorquodale was acting within his jurisdiction as a circuit court judge when he handled the forfeiture action, including when he did not rule upon motions or enter final judgments.

10

Because both prongs of the *Stump* test are satisfied, defendant Gaines McCorquodale is entitled to absolute judicial immunity from plaintiff's damages claims. The damages claims are plaintiff's request for the return of $1,102.00, $100,000.00, and court costs. The return of $1,102.00, although sounding as a request for injunctive relief, is not an injunctive relief request because a valid injunctive relief request cannot be satisfied or made whole by money damages. *See Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987) (holding that in order for preliminary injunctive relief to issue an irreparable injury must be demonstrated and an irreparable injury is one that "cannot be undone through monetary remedies"). Accordingly, plaintiff's damages claims against defendant Gaines McCorquodale are frivolous as a matter of law and are due to be dismissed.

### E. Immunity for Defendant District Attorney Spencer Walker.

Plaintiff alleges that defendant Walker filed a civil summons for the purpose of confiscating his property ($1,102.00), failed to respond to his motion for summary judgment, failed to answer his interrogatories, and filed a motion to nol pros the cases that served as the bases for the confiscation of his property. A prosecutor, who is acting within scope of his office, is entitled to absolute prosecutorial immunity from damages in a § 1983 action for acts or omissions associated with the judicial process, in particular, those taken in initiating a case and in presenting the government's case. *Imbler v. Pachtman,* 424 U.S. 409, 430-31, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976); *Elder,* 54 F.3d at 695. "A prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate." *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999). This immunity extends to the granting or revoking of parole or probation, which is a continuation of the sentencing process. *Hart v. Hodges,* 587 F.3d 1288, 1296 (11th Cir.

11

2009).  And it encompasses decisions to file civil forfeiture complaints.  *Cooper v. Parrish*, 203 F.3d 937, 948 (6th Cir.), *cert. denied*, 531 U.S. 877 (2000).

According to Washington's allegations, defendant Walker was acting or failing to take action in his role as an advocate for the state in proceedings related to the forfeiture of the $1,102.00.  In the telephone conference Washington stated that defendant Walker had been acting in his role as prosecutor.  (Doc. 11).  Therefore, defendant Walker is due to be granted absolute prosecutorial immunity from Washington's damages claims. *Imbler*, 424 U.S. at 430-31, 96 S.Ct. at 995; *McCrimmon v. Marchant*, 2011 WL 1042687, at *4 (S.D. Ga. 2011) (unpublished) (finding the prosecutor was entitled to absolute prosecutorial immunity "with respect to the forfeiture of Plaintiff's property [which was] taken in conjunction with the State's prosecution of Plaintiff for violations of its drug laws, regardless of whether the State chose not to pursue its charges against Plaintiff following the federal government's decision to prosecute him" as his actions were taken in his role as a prosecuting attorney); *cf. One 1958 Plymouth Sedan v. Commonwealth of Pa.,* 380 U.S. 693, 701,  85 S.Ct. 1246, 1251, 14 L.Ed.2d 170 (1965) (holding that "a forfeiture proceeding is quasi-criminal in character").

**F.  Defendant William McCorquodale.**

Washington identifies defendant William McCorquodale as an assistant district attorney for Clarke County.  (Doc. 1 at 4).   The Court, however, could find no allegations directed to this defendant in the complaint.  During the telephone conference, Washington stated that defendant William McCorquodale was not involved with the initial confiscation of $1,102.00, but he is now assigned to the case as an assistant district attorney.  (Doc. 11).

Subsequent to the telephone conference, in two filings with the Court,

Washington indicates that defendant William McCorquodale advised the state court at a hearing that the confiscated money should not be returned because Washington had filed a lawsuit in federal court against them to recover the money.  (Docs. 12, 13).   Even though this information is not in the complaint, defendant William McCorquodale is entitled to absolute prosecutorial immunity for his actions as an advocate for the state during these hearings.  *See Supra.*  Accordingly, defendant William McCorquodale is due to be dismissed from this action because the claim against him is frivolous.

## IV.  Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).[8]

<u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P.

---

[8]   This Report and Recommendation addresses the claims against these state officials in their individual capacities, even though Washington did not indicate the capacity in which he was suing them in his complaint and was unclear about this in the telephone conference.  "When it is not clear in which capacity the defendants are sued, the course of proceedings typically indicates the nature of the liability sought to be imposed."  *Jackson v. Georgia Dep't of Transp.,* 16 F.3d 1573, 1575 (11th Cir.), *cert. denied, King v. Jackson,* 513 U.S. 929 (1994).  Because Washington sought to impose liability against these state actors, the Court deduces that he intended to sue the defendants in their individual capacities.  Were Washington to bring his claims against these defendants in their official capacities, they would be entitled to Eleventh Amendment immunity from this suit.  *Id.* (citing *Kentucky v. Graham,* 473 U.S. 159, 169, 105 S.Ct. 3099, 3107, 87 L.Ed.2d 114 (1985)).  *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. . . . As such, it is no different from a suit against the State itself.").

72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this 7th day of October, 2016.

/s/ WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

14